In the Matter of HERMINA RIVERA, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Proceeding under article 78 of the CPLR to annul (1) a determination by respondent Commissioner of the Department of Social Services of the City of New York discontinuing a grant of aid to dependent children and a determination by respondent Commissioner of the Department of Social Services of the State of New York, made after a statutory fair hearing, affirming said determination by the local agency, and (2) to compel payment of petitioner's public assistance withheld from her since August 16, 1973. Determination by respondent State Commissioner annulled, on the law without costs, and matter remitted to said Commissioner for a clarification of his findings. After the statutory hearing the State Commissioner found in his determination as follows: " (1) Appellant is in receipt of public assistance in the category of aid to dependent children. (2) On August 13 and August 30, 1973 the agency notified the appellant of its intent to discontinue her assistance due to her possession and concealment of assets. (3) The determination of the agency was based on a motor vehicle showing that a 1970 Ford Maverick was registered in the appellant's name. (4) The automobile in question is owned by a friend of the appellant, the appellant having no equity." The determination

then notes: "The credible evidence is· that appellant is the owner of record of a 1970 Ford automobile. The appellant's present contention that she does not own the car and is the record owner as a convenience for a friend flies in the face of her sworn statement and those of the alleged friend made upon registration of the schedule and transfer of the ownership thereof. Accordingly, the agency determination was correct. " In our opinion there is an inconsistency between the finding that the automobile is not owned by appellant and the statement in the determination that the credible evidence is that appellant is the owner of record of a 1970 Ford automobile. The matter should be remanded to the State Commissioner for clarification ·of his findings. Hopkins, Acting P. J., Cohalan, Brennan, Benjamin and Munder, JJ., concur.